IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01425-DME-KLM

TRENTON H. PARKER,

        Plaintiff,

v.

REMO ENTERPRISES, LLC, a Colorado Limited Liability Company; SBB
LENDING, LLC, a Colorado Limited Liability Company; 123 MAIN, LLC, a
Colorado Limited Liability Company; CELINK, a Michigan Corporation also
known as Compu-Link Corporation; CURT TODD, an individual residing in
Colorado; LOTTNER RUBIN FISHMAN BROWN & SAUL, P.C., a Colorado
Professional Corporation; ROBERT SALVATO, an individual residing in
Colorado; ROBERT P. SALVATO, an individual residing in Colorado; ROBERT
SALVATO, JR., an individual residing in Colorado; ROBERT P. SALVATO, JR.,
an individual residing in Colorado; ROBERT W. REED, an individual residing in
Colorado; JEAN E. HOWE, an individual residing in Colorado; MARY ANN
PADILLA, an individual residing in Colorado; ROBERT GRABOWSKY, an
individual residing in Colorado; SIEGFRIED F. DIEGEL, an individual residing in
Colorado; TONY BUENO, an individual residing in Colorado; MICHAEL
VERDEAL, an individual residing in Colorado; ELIZABETH VERDEAL, an
individual residing in Colorado; HUNTER VERDEAL, an individual residing in
Colorado; JOSE P. MARTINEZ, an individual residing in Colorado; RENAE
BRON BRONK, an individual residing in Colorado; DENISE SMITH, an individual
residing in Colorado; TAMMY PINK, an individual residing in Colorado; JOHN
LAROSE, an individual residing in Michigan; BEVERLY RECK, an individual
residing in Michigan; MARGARET OBERDANK, an individual residing in
Michigan; J. BRINE LARSON, of Colorado; AMERICAN MODERN HOME
INSURANCE COMPANY OF MINNESOTA; VAN WAGENEN FINANCIAL
SERVICES INC. OF MINNESOTA; VAN WAGENEN, Mr., of Colorado Springs,
Colorado; ESTER REYES, of Michigan,

        Defendants.

---

ORDER DENYING MOTION FOR AN EMERGENCY PRELIMINARY
INJUNCTION

---

In this action, Plaintiff Trenton H. Parker asserts several statutory and tort claims under Colorado law, based upon allegations that Defendants are engaged in mortgage equity theft. This matter is currently before the Court on Parker's motion for an emergency preliminary injunction, asking the Court to enjoin a state court "forcible entry and detainer" hearing scheduled for 8:30 a.m. on Monday, July 21, 2008. The Court denies that motion as moot.

Even were the motion not moot, however, this court can enjoin a state court proceeding in only limited circumstances. See Roudebush v. Hartke, 405 U.S. 15, 20 (1972). "The Anti-Injunction Act," 28 U.S.C. § 2283, "provides that a federal court 'may not grant an injunction to stay proceedings in a State court' except in three circumstances: 'as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgment." Weyerhauser Co. v. Wyatt, 505 F.3d 1104, 1107 (10th Cir. 2007) (quoting 28 U.S.C. § 2283); see also Atlantic Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs, 398 U.S. 281, 282-83, 285-87, 294-96 (1970). "Any doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed in an orderly fashion to finally determine the controversy." Vendo Co. v. Lektro-Vend Corp., 433 U.S. 623, 630 (1977) (quotation omitted) (plurality). Parker has not shown that any of these three criteria are met here.

Furthermore, even if one of these criteria were met, granting such relief would still be left to the Court's discretion. See First Nat'l Bank & Trust Co. of Wyo. v. Lawing, 731 F.2d 680, 682 (10th Cir. 1984). Because Parker requested

an "emergency preliminary injunction" and because he did not give notice to all defendants,[1] we liberally construe his motion as one for the ex parte entry of a temporary restraining order.  <u>See</u> Fed. R. Civ. P. 65(b).  This court can only issue such an order if "the specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damages will result to the movant before the adverse party can be heard in opposition."  Rule 65(b)(1).  Parker has not shown irreparable harm.

For these reasons, the Court DENIES Parker's motion for an emergency preliminary injunction.


Dated: July 22, 2008

BY THE COURT:

*s/ David M. Ebel*
_____
UNITED STATES DISTRICT JUDGE

---

[1]Rule 65(a)(1), Fed. R. Civ. P., provides that the "court may issue a preliminary injunction <u>only</u> on notice to the adverse party."  (Emphasis added.)